POHL, Appellant,

v.

CITY OF CUYAHOGA FALLS, Appellee.

[Cite as *Pohl v. Cuyahoga Falls* (1991), 71 Ohio App.3d 2.]

Court of Appeals of Ohio,
Summit County.

No. 14643.

Decided Jan. 2, 1991.

---

*Edward C. Maher*, for appellant.

*Susan L. Durr*, Assistant Prosecutor, for appellee.

---

CACIOPPO, Judge.

Appellant, James T. Pohl, appeals from a judgment of the Summit County Court of Common Pleas which affirmed the Cuyahoga Falls Civil Service Commission's termination of Pohl from the Cuyahoga Falls Fire Department after twenty-four years of service.

On August 5, 1985, James Pohl injured his back at work. He filed a claim for workers' compensation for medical expenses, which was granted.

In 1986, Pohl informed Fire Chief Wayne Bowen that he was planning to have back surgery and needed several months off work to recuperate. Pohl had back surgery on June 30, 1986. For approximately the next twenty-two months, the city issued a paycheck to Pohl. The pay stubs indicated Pohl's accumulated sick hours were being deducted from each check. The city quit issuing paychecks to Pohl on April 20, 1988, when his sick leave expired.

On April 25, 1988, the city conducted a predisciplinary hearing, in which Pohl appeared with counsel. On May 24, 1988, Mayor Robart sent a letter to the civil service commission stating that Pohl had been absent without leave for ten consecutive duty days, which constituted his resignation pursuant to Civil Service Rule VII–7. In response, the commission chairman sent a letter to Mayor Robart stating that the commission unanimously found that Pohl's absentee record constituted his resignation. On June 7, 1988, the city sent a copy of the commission chairman's letter to Pohl. On June 13, 1988, Mayor Robart sent Pohl a form headed "Termination of Employment." The form stated that Pohl's employment was terminated on April 20, 1988. It listed the cause as "resignation pursuant to Civil Service Rule VII–7."

On March 1, 1989, Pohl had a hearing on the matter before the civil service commission. The civil service commission rendered a decision.

Pohl appealed the decision to the Summit County Court of Common Pleas, which affirmed.

**4**

Assignment of Error I

"The common pleas court erred in not finding the termination of the appellant to be void by reason of the fact that appellant was not suspended by the City's fire chief prior to discharge by the Mayor as required by R.C. 737.12."

Pohl argues that he was removed from his position without notice and a hearing in contravention of R.C. 737.12, R.C. 124.34, and the Cuyahoga Falls Civil Service Rules.

Pohl was terminated pursuant to Cuyahoga Falls Civil Service Rule VII–7, which provides:

"Absence from duty without leave and without a valid excuse for any time will be considered neglect of duty and good cause for dismissal. Absence from duty without leave for ten consecutive days shall be deemed a resignation from the service by the absentee upon report of such absence by the appointing authority and the resignation shall be entered upon the records of the Civil Service Commission; provided, however, that if at any time within thirty days the person so absenting himself shall make satisfactory explanation to the Commission of the cause of absence, he may be reinstated to his position. Failure to report after a leave has expired or has been disapproved or revoked and cancelled by the Commission shall be considered neglect of duty and cause for discharge; provided, however, that if an officer or employee so discharged shall show to the satisfaction of the Commission that such failure to report was excusable, the Commission may then order his reinstatement."

The city contends that this rule has three severable sections, two of which are disciplinary in nature, and one which is not. The city claims that Pohl was terminated under the portion of the rule which is nondisciplinary, thereby rendering notice and hearing provisions unnecessary. The portion that the city cites is as follows:

" * * * Absence from duty without leave for ten consecutive days shall be deemed a resignation from the service by the absentee upon report of such absence by the appointing authority and the resignation shall be entered upon the records of the Civil Service Commission; provided, however, that if at any time within thirty days the person so absenting himself shall make satisfactory explanation to the Commission of the cause of absence, he may be reinstated to his position. * * *"

We agree with the city's construction of Rule VII–7. Pohl voluntarily resigned from service by absenting himself from duty. The relevant provision does not refer to termination for neglect of duty, thereby obviating the need

for procedures required when the city removes a fire fighter for neglect of duty. The first assignment of error is not well taken.

### Assignment of Error II

"The court erred in not requiring [a] *de novo* hearing in view of the City's failure to provide any transcript or exhibits to testimony supporting the discharge of the appellant."

Pohl argues that he should have had a *de novo* hearing because the court reporter failed to attach the exhibits that were entered into evidence and the clerk failed to file the decision of the commission.

A review of the record persuades this court that appellant's argument is meritless. The trial court considered the transcript of proceedings and copies of the exhibits which were attached to the city's brief. The second assignment of error is overruled.

The decision of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and CIRIGLIANO, J., concur.